1    **WO**                                                                                    JWB

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    John P. Barragan,                    )    No. CV 05-1418-PHX-MHM (DKD)
                                          )
10            Plaintiff,                   )    **ORDER**
                                          )
11   vs.                                   )
                                          )
12   Maricopa County, et al.,              )
                                          )
13            Defendants.                  )
     _____)

14

15          Plaintiff John P. Barragan, confined in the CCA Diamondback Correctional Facility

16   in Watonga, Oklahoma,[1] has filed an amended *pro se* civil rights Complaint pursuant to 42

17   U.S.C. § 1983 (Doc. # 8), in compliance with this Court's January 10, 2006 Order.  The Court

     will dismiss the action.

18   **I.  Statutory Screening of Prisoner Complaints**

19          The Court is required to screen complaints brought by prisoners seeking relief against

20   a  governmental  entity  or  officer  or  employee  of  a  governmental  entity.    28  U.S.C.

21   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

22   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

23   be granted, or that seek monetary relief from a defendant who is immune from such relief.

24   28 U.S.C. § 1915A(b)(1),(2).  However, leave to amend need not be given if a complaint as

25   amended is subject to dismissal.  Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538

26

27          [1] Plaintiff is challenging his previous confinement in the Maricopa County Durango Jail in
     Phoenix, Arizona.  Plaintiff has previously been granted leave to proceed *in forma pauperis*.  See
28   Doc. # 5.

(9th Cir. 1989).  The Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint.  See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996).  Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

## II. Complaint

In Plaintiff's First Amended Complaint, Plaintiff presents nine claims for relief in which he alleges: (1) he has been denied due process when he did not see a magistrate judge for 20 days after he was arrested; (2) there are unsanitary conditions in the jail; (3) the jail is overcrowded; (4) denial of medical care; (5) there is an inadequate telephone system; (6) the jail is overcrowded; (7) the jail is unsanitary; (8) he did not receive adequate recreation; and (9) the meals are inadequate.  Plaintiff names as Defendants: (1) Maricopa County; (2) the Maricopa County Sheriff's Office; (3) Sheriff Joseph Arpaio; and (4) 100 unnamed detention officers.  Plaintiff seeks monetary damages, contempt sanctions, immediate compliance with established law, and other general and equitable relief.

## III. Failure to State a Claim

### A. Improper Defendants

Maricopa County is not a proper Defendant.  A municipality may not be held liable unless its policy or custom caused the constitutional injury.  See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).  Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury.  Id.; Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005). Thus, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless the plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.

1    <u>Sadoski v. Mosley</u>, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal

2    defendant pursuant to FED. R. CIV. P. 12(b)(6)), <u>pet. for cert. filed</u>, No. 05-1283, 74 U.S.L.W.

3    3587 (April 4, 2006).  Plaintiff has not alleged that a policy or custom promulgated by

4    Maricopa County is the cause of his injuries.  Accordingly, Maricopa County will be

5    dismissed as an improper Defendant.

6          Similarly, the Maricopa County Sheriff's Office is not a proper Defendant.   In

7    Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon

8    the sheriff.  <u>See</u> A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an

9    administrative creation of the county sheriff to allow him to carry out his statutory duties, and

10   not a "person" amenable to suit pursuant to § 1983.  Accordingly, the Maricopa County

11   Sheriff's Office will be dismissed from this action as an improper Defendant.

12          **B.  Failure to Link Defendant Arpaio to Constitutional Violations**

13          As stated previously, to state a viable constitutional claim under 42 U.S.C. § 1983, a

14   Plaintiff must demonstrate an affirmative link between the alleged injury and the conduct of

15   an individual Defendant. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).

16          To state a claim against a state official, the civil rights complainant must allege that

17   the official personally participated in the constitutional deprivation, or that a state

18   supervisory official was aware of the widespread abuses and with deliberate indifference to

19   the inmate's constitutional rights failed to take action to prevent further misconduct. <u>King v.</u>

20   <u>Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987); <u>See also</u> <u>Monell v. New York City Department</u>

21   <u>of Social Services</u>, 436 U.S. 658, 691 (1978); <u>Williams v. Cash</u>, 836 F.2d 1318, 1320 (11th

22   Cir. 1988).

23          There is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat superior*,

24   and therefore, a defendant's position as the supervisor of persons who allegedly violated a

25   plaintiff's constitutional rights does not impose liability. <u>Monell</u>, 436 U.S. at 691; <u>West v.</u>

26   <u>Atkins</u>, 487 U.S. 42, 54 n.12 (1988); <u>Ybarra v. Reno Thunderbird Mobile Home Village</u>, 723

27   F.2d 675, 680-81 (9th Cir. 1984).

28          Although Plaintiff names Joseph M. Arpaio as a Defendant, he has not made any

1   allegations against him individually in the body of the Complaint. Plaintiff does not allege

2   that Defendant Arpaio personally participated in the deprivation of Plaintiff's constitutional

3   rights, nor does he allege that Defendant was aware of widespread abuses and failed to act.

4   Accordingly, Defendant Arpaio is not a proper Defendant and will be dismissed from this

5   action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim

6   upon which relief may be granted.

7        Plaintiff additionally names 100 unnamed detention officers.  Generally, the use of

8   anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal

9   Rules of Civil Procedure requires the plaintiff to include the names of the parties in the

10  action.  As a practical matter, it is impossible in most instances for the United States Marshal

11  or his designee to serve a summons and complaint or amended complaint upon an

12  anonymous defendant.  Here, because Plaintiff has not linked these unknown Defendants to

13  any of his claims, they too will be dismissed from this action.

14       Because Plaintiff has been specifically warned of the failure to link constitutional

15  claims to Defendants and has failed to correct the deficiencies found in his original

16  Complaint, this action will be dismissed without leave to amend.  Moore, 885 F.2d at 538.

17  **IT IS ORDERED:**

18       (1)  The Amended Complaint (Doc. # 8) and this action are **DISMISSED** for

19  failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court

20  must enter judgment accordingly and terminate this action.

21       (2) Plaintiff's Motion for Extension of Time to File an Amended Complaint (Doc.

22  # 7) is **DENIED** as moot.

23       (3)  The Clerk of Court must make an entry on the docket indicating that the

24  dismissal for failure to state a claim is under 28 U.S.C. § 1915(g).

25       DATED this 7th day of August, 2006.

26

27  _____

28                     Mary H. Murguia
                United States District Judge